IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charles T. Whittington, Linda D. Whittington, <br><br> Plaintiffs, <br><br> v. <br><br> US Bank National Association, Trustee; Wells Fargo Bank National Association and America's Servicing Company; and Rogers Townsend & Thomas PC, <br><br> Defendants. | Civil Action No.: 4:12-CV-03167-MGL <br><br> **ORDER AND OPINION** |

Plaintiffs Charles T. Whittington and Linda D. Whittington ("Plaintiffs"), proceeding *pro se*, brought this action against Defendants US Bank National Association, Trustee; Wells Fargo Bank National Association and America's Servicing Company; and Rogers Townsend & Thomas PC ("Defendants") concerning Defendants' involvement in a foreclosure action currently pending in the South Carolina Court of Common Pleas in Horry County. On November 29, 2012, Defendant Rogers Townsend and Thomas PC filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (ECF No. 16) and Defendants US Bank National Association, Trustee and Wells Fargo Bank National Association and America's Servicing Company filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (ECF No. 18) and a Supplemental Memorandum in Support. (ECF No. 30.) Plaintiffs filed their response to both motions on January 2, 2013 (ECF Nos. 25 & 26) and a reply in opposition to the Supplemental Memorandum in Support on March 13, 2013. (ECF No. 33.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and

Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. Magistrate Judge Kaymani D. West has prepared a thorough Report and Recommendation which recommends that Defendants' Motions to Dismiss be granted. (ECF No. 34.) The April 30, 2013 Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

The Magistrate Judge recommends that Defendants' Motions to Dismiss (ECF Nos. 16 & 18) be granted because complete diversity does not exist nor have Plaintiffs stated a basis for federal question jurisdiction even under a broad and lenient interpretation of Plaintiffs' Complaint and responses to Local Civil rule 26.01 Interrogatories as well as other

statements provided after Plaintiffs filed their complaint. Thus, the Magistrate Judge found subject matter jurisdiction lacking and recommends that Defendants' Rule 12(b)(1) Motions be granted and Plaintiffs' Complaint be dismissed without prejudice. Plaintiffs were advised of their right to file objections to the Report and Recommendation. (ECF No. 34-1.) Plaintiffs have filed no objections to the Report and Recommendation, and the time for doing so has expired.

After reviewing the motions, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and the recommendation to be proper. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is ORDERED that Defendants' Motion to Dismiss for lack of subject matter jurisdiction is GRANTED and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
May 23, 2013